# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| Dr. ORLY TAITZ, Esq. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 13-1020 (RCL) |
| ) | |
| PATRICK DONAHOE, ) | |
| Postmaster General, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendants, the Postmaster General and the Inspector General of the United States Postal Service ("USPS"), respectfully move for summary judgment on the claims of Plaintiff Orly Taitz ("Taitz"), arising under the Freedom of Information Act ("FOIA"). Defendants have fully satisfied all of their obligations under the statute and are thus entitled to summary judgment. A Statement of Material Facts as to Which There Is No Genuine Issue and a proposed order are also attached.

Dated: December 13, 2013

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Eric J. Soskin*
ERIC J. SOSKIN
PA Bar 200663
Trial Attorney

1

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Email:  eric.soskin@usdoj.gov
Tel:     (202) 353-0533
Fax:    (202) 616-8470

*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Dr. ORLY TAITZ, Esq. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 13-1020 (RCL) |
| ) | |
| PATRICK DONAHOE, ) | |
| Postmaster General, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff Orly Taitz ("Taitz") filed this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking records from the Postmaster General and the Office of the Inspector General ("OIG") of the United States Postal Service ("USPS"). Plaintiff submitted a FOIA request to OIG seeking documents related to the handling of an earlier document (characterized by Taitz as a "criminal complaint") submitted by Plaintiff to both Defendants.

As the accompanying declarations demonstrate, Defendants have satisfied all their statutory obligations under FOIA. Taitz submitted her FOIA request only to OIG, which conducted a broad search reasonably calculated to locate any records responsive to Plaintiff's request.[1] OIG located two pages of responsive records and released one page in full and one

---

[1] USPS regulations provide that FOIA requesters should submit FOIA requests to one of three offices, depending on the type of records sought. *See* Exhibit B, Declaration of Jane G. Eyre, Manager, Records Office, USPS, at ¶5. The body of Plaintiff's Complaint does not identify the office to which she submitted her FOIA request, stating only that she "filed a Freedom of Information request." Dkt. no. 1 at ¶ 4. Plaintiff attached as an exhibit only a

1

page in part.  The FOIA response properly withheld information falling within the ambit of FOIA exemption 7(C), which permits the withholding of certain information compiled for law enforcement purposes.  Accordingly, defendant is entitled to summary judgment in this case.

## FACTUAL BACKGROUND

On May 30, 2013, Plaintiff faxed a FOIA request to USPS OIG seeking "any and all documents generated by the Inspector General of the USPS and Postmaster of the USPS" in response to "two complaints" she previously submitted to USPS.  *See* Exhibit A, Declaration of Paulette E. Poulsen ("Poulsen Decl.") at Ex. 1.  USPS OIG conducted a search of the data sources in which it concluded there was a reasonable likelihood that it would locate responsive records.  The search located two pages of documents responsive to Plaintiff's FOIA request, and on June 26, 2013, OIG provided those pages of documents, with appropriate redactions to Plaintiff.  *See* Poulsen Decl. at ¶ 6; Ex. 2.

On July 5, 2013, Plaintiff appealed her FOIA response to the Deputy General Counsel of OIG, which was the avenue for appeal set forth by OIG's FOIA response.  *See* Poulsen Decl. at Ex. 3.  On August 2, 2013, the Deputy General Counsel of OIG affirmed OIG's original FOIA response.  *See* Poulsen Decl. at Ex. 4.

## ARGUMENT

### DEFENDANTS HAVE COMPLIED WITH FOIA AND ARE ENTITLED TO SUMMARY JUDGMENT

**A.     Statutory Standards**

FOIA's "basic purpose" reflects a "general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989).  "Congress recognized, however, that public disclosure is not always in the public interest." *CIA v. Sims*, 471 U.S. 159, 166–67 (1985).  Accordingly, in

---

FOIA request made to USPS OIG.  For completeness, USPS has searched its system for tracking FOIA requests and confirmed that Plaintiff only submitted a FOIA request to USPS OIG.  *See* Eyre Decl. at ¶ 6.

passing FOIA, "Congress sought 'to reach a workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy.'" *John Doe Agency*, 493 U.S. at 152 (quoting H.R. Rep. No. 89-1497, at 6 (1966), *reprinted in* 1966 U.S.C.C.A.N. 2418, 2423). As the D.C. Circuit has recognized, "FOIA represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential." *Ctr. for Nat'l Sec. Studies v. Dep't of Justice*, 331 F.3d 918, 925 (D.C. Cir. 2003) (citing *John Doe Agency*, 493 U.S. at 152).

When conducting a search for records responsive to a FOIA request, an agency "must make 'a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'" *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (quoting *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). The "adequacy of an agency's search is measured by a standard of reasonableness," *Davis v. Dep't of Justice*, 460 F.3d 92, 105 (D.C. Cir. 2006), and may be established by "reasonably detailed, nonconclusory affidavits describing [the agency's] efforts." *Baker & Hostetler LLP v. Dep't of Commerce*, 473 F.3d 312, 318 (D.C. Cir. 2006).

Consistent with these principles, an agency's "failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records." *Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004) (per curiam). In evaluating the adequacy of a search, courts recognize that "[a]gency affidavits enjoy a presumption of good faith, which will withstand purely speculative claims about the existence and discoverability of other documents." *Ground Saucer Watch v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981); *see Baker & Hostetler*, 473 F.2d at 318; *Goland v. CIA*, 607 F.2d 339, 352–53 (D.C. Cir. 1978). A plaintiff therefore bears an "evidentiary burden" to "present evidence rebutting the agency's initial showing of a good faith search." *See Wilson v. DEA*, 414 F. Supp. 2d 5, 12 (D.D.C. 2006) (citing *Maynard v. CIA*, 986

F.2d 547, 560 (1st Cir. 1993); *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351–52 (D.C. Cir. 1983)).

Nine categories of information are exempt from FOIA's broad rules of disclosure. 5 U.S.C. § 552(b)(1)-(9). Although FOIA provides a "strong presumption in favor of disclosure," *Nat'l Ass'n of Homebuilders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002), FOIA's statutory exemptions "are intended to have meaningful reach and application.," because these exemptions reflect Congress's determination "that legitimate governmental and private interests could be harmed by release of certain types of information." *John Doe Agency*, 493 U.S. at 152 (1989). Courts therefore evaluate an agency's decision to withhold information *de novo*, giving careful consideration both to "the right of the public to know what their government is up to" and "the congressional determination of the types of information that the Executive Branch must have the option to keep confidential, if it so chooses." *Quinto v. Dep't of Justice,* 711 F. Supp. 2d 1, 5-6 (D.D.C. 2010) (Huvelle, J.) (*quoting Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976)).

Most FOIA actions are resolved on summary judgment. *See Reliant Energy Power Generation, Inc. v. FERC*, 520 F. Supp. 2d 194, 200 (D.D.C. 2007). At summary judgment, the government bears the burden of proving that it has conducted an adequate search, produced responsive documents, and that any withheld information falls within the exemptions it invokes. *See* 5 U.S.C. § 552(a)(4)(B); *King v. Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987). A court may grant summary judgment to the government based entirely on information set forth in agency affidavits or declarations that "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).

## B. Defendants Conducted an Adequate Search for Documents.

In response to Plaintiff's requests, USPS OIG conducted a thorough search reasonably calculated to locate all responsive records subject to FOIA. *See* Poulsen Decl. at ¶ 5. "There is no requirement that an agency search every record system, but the agency must conduct a good faith, reasonable search of those systems of records likely to possess the requested information." *Marshall v. FBI*, 802 F. Supp. 2d 125, 131 (D.D.C. 2011) (Collyer, J.). Because USPS OIG searched all record systems reasonably likely to contain responsive records, its search was legally adequate, regardless of the results. *See Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search.").

USPS OIG identified all data sources within OIG likely to contain records responsive to Plaintiff's requests based on the scope and nature of Plaintiff's request. *See* Poulsen Decl. at ¶ 5. OIG concluded that only three databases were "reasonably likely" to have information responsive to Plaintiff's FOIA request. *Id.* Accordingly, OIG performed searches of the two data sources to which its FOIA analyst had direct access, and tasked the USPS OIG Hotline with performing a search of the third data source identified as reasonably likely to contain responsive records. *Id.* The identification and selection of these databases to be searched was "reasonably expected to produce the information requested" and is thus an adequate search for responsive records. *Nation Magazine*, 71 F.3d at 890.

This search yielded the two pages of responsive documents provided to Plaintiff in the FOIA response sent on June 25, 2013. *See* Poulsen Decl. at Ex. 2. The limited number of responsive documents located in these searches does not undercut the conclusion that USPS OIG adequately searched for responsive documents. As explained *supra*, "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde*, 315 F. 3d at 315. In this case, moreover, the identification of only two responsive pages through OIG's searches is hardly surprising, given

5

that, as explained in the response to Plaintiff's FOIA request, OIG referred her earlier submission "to the U.S. Postal Inspection Service."[2]  *See* Poulsen Decl., Ex. 2.

## C.    Defendants Properly Withheld Material Pursuant to FOIA Exemption 7(C)

Only three redactions are at issue here, all pursuant to Exemption 7(C).  Exemption 7(C) provides that an agency may exclude or redact from FOIA responses "information compiled for law enforcement purposes . . . to the extent that production of such . . . information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* § 552(b)(7)(C).  Application of the exemption requires the agency to "balance the privacy interests that would be compromised by disclosure against the public interest in the release of the requested information." *Beck v. U.S. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993) (*quoting Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992)).

*Law Enforcement Threshold*

As an initial matter, withholdings pursuant to Exemption 7(C) must be of records compiled for law-enforcement purposes. 5 U.S.C. § 552(b)(7).  In performing this analysis, "the focus is on how and under what circumstances the requested files were compiled . . . and 'whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding.'" *Jefferson v. U.S. Dep't of Justice, Office of Professional Responsibility*, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (*quoting Aspin v. U.S. Dep't of Defense*, 491 F.2d 24, 27 (D.C. Cir. 1973)).   In its analysis, the Court of Appeals identified two categories of investigative records created by government agencies: "(1) files in connection with government oversight of the performance of duties by its employees, and (2) files in connection with investigations that focus directly on specific alleged illegal acts which could result in civil or criminal sanctions." *Jefferson*, 284 F.3d at 177 (*citing Rural Housing Alliance v. U.S. Dep't of Agriculture*, 498 F.2d 73, 81 (D.C. Cir. 1974)).

---

[2] The response to Plaintiff's FOIA appeal further explained that the "Inspection Service does not regard allegations such as [Plaintiff's] to be mail fraud, and consequently such allegations are not something they would investigate."  *See* Poulsen Decl., Ex. 4.

The record at issue here plainly falls within the latter category.  Plaintiff submitted a document that she herself characterizes as a "criminal complaint," and that contained allegations – however unsubstantiated – of specific acts that she contends would be illegal.  Plaintiff's submission states directly that she seeks criminal sanctions.  And USPS OIG has a mission to "conduct[] law enforcement investigations regarding, among other things, mail theft by employees, embezzlements and financial crimes, computer crimes, narcotics, and fraud."  Poulsen Decl. at ¶ 6; *see also Kimberlin v. U.S. Dep't of Justice*, 139 F.3d 944, 947-48 (D.C. Cir. 1998) (affirming application of law enforcement exemptions where "an agency's investigation of its own employees . . . focuses directly on specifically alleged illegal acts") (internal quotations omitted).  Accordingly, USPS OIG "determined that the responsive records were compiled in service of the aforementioned law enforcement purposes," because the responsive records referenced Plaintiff's allegations of criminal activity and her request for a criminal investigation.  *See* Poulsen Decl. at ¶ 6.  Under these circumstances, the record at issue satisfies the threshold issue that it be compiled for law enforcement purposes.

*Unwarranted Invasion of Personal Privacy*

USPS-OIG performed three redactions on one responsive page released to Plaintiff.  *See* Poulsen Decl. at Ex. 2.  The redacted information "consists of the names, telephone numbers, and email addresses of USPS-OIG personnel." Poulsen Decl. at ¶ 6.  As USPS-OIG explains in its declaration, release of this information "would subject [those employees] to a risk of harassment" because they "undertake highly-sensitive investigations of individuals" that require confidentiality.  *Id.*

"[L]aw enforcement personnel have a privacy interest in protecting their own identities because disclosure could subject them to annoyance, embarrassment, and harassment in the conduct of their official and private lives." *Marshall*, 802 F. Supp. 2d at 134; *see also Clemmons v. United States Army Records Ctr.*, 2007 U.S. Dist. LEXIS 23919 at *19-*21 (D.D.C. 2007) (Lamberth, J.) ("specific information about the investigators involved in an investigation"

7

is material over which individuals have strong privacy interests, particularly where an agency affidavit confirms that "[r]elease of the[ir] names . . . could subject them to harassment by current or past subjects of investigations."). In the past, this Court has properly given particular solicitude to the privacy interests of the employees of agency Inspectors General, given their role in investigating government misconduct and the possibility that "other individuals in the government for whom the employees might one day work (or wish to work)" may note their participation in investigations. *Brown v. EPA*, 384 F. Supp. 2d 271, 278 n.6 (D.D.C. 2005) (Bates, J.). As USPS OIG's declaration explains, this same interest in "protect[ion] from [] mischief -- within the workplace and without" is at issue here. *Id.*; *see* Poulsen Decl. at ¶ 6.

USPS OIG also determined correctly that there is no countervailing public interest in favor of release of this information. "The only relevant public interest for purposes of Exemption 7(C) is that of shedding light on the agency's performance of its statutory duties." *Marshall*, 802 F. Supp. 2d at 134 (*citing Davis v. Dep't of Justice*, 968 F.2d 1276, 1282, 296 U.S. App. D.C. 405 (D.C. Cir. 1992)). Here, "there is no public interest rationale that plaintiff can offer" in support of release of this information "because the release of this information will not . . . shed light on agency procedures and practices." *Clemmons*, 2007 U.S. Dist. LEXIS at *20. Because "something, even a modest privacy interest, outweighs nothing every time," USPS OIG correctly concluded that the redacted information is exempt from release pursuant to Exemption 7(C). *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989); *see Brown*, 384 F. Supp. 2d at 278-79 (same).

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion for summary judgment.


Dated: December 13, 2013                              Respectfully submitted,

STUART DELERY
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney
District of Columbia

ELIZABETH J. SHAPIRO
Deputy Branch Director,
Federal Programs Branch

  _/s/ Eric Soskin_                       
ERIC J. SOSKIN  (PA Bar No. 200663)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 353-0533
Fax: (202) 305-8517
Email: eric.soskin@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Dr. ORLY TAITZ, Esq.           )
                               )
    Plaintiff,             )
                               )
        v.            )    Civil No. 13-1020 (RCL)
                               )
PATRICK DONAHOE,               )
Postmaster General, *et al.*,  )
                               )
    Defendants.            )
                               )

**STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE IS NO GENUINE ISSUE**

    As required by Local Civil Rule 7.1(h), and in support of their Motion for Summary Judgment, Defendants hereby make the following statement of material facts as to which there is no genuine issue.

1. On May 30, 2013, Plaintiff submitted a request under the Freedom of Information Act ("FOIA") for documents related to an earlier submission she made to the United States Postal Service ("USPS") and the United States Postal Service Office of Inspector General (USPS OIG). Poulsen Decl. at ¶ 4; *id.* at Ex. 1.

2. On June 26, 2013, USPS OIG responded to Plaintiff's FOIA request. Poulsen Decl. at ¶ 7; *id.* at Ex. 2.

3. On July 4, 2013, Plaintiff appealed USPS OIG's response to her FOIA request to the Deputy General Counsel of USPS OIG. Poulsen Decl. at Ex. 3.

4.        On August 2, 2013, Plaintiff's appeal was resolved in favor of USPS OIG's original decision. Poulsen Decl. at Ex. 4.

Dated: December 13, 2013                    Respectfully submitted,

STUART DELERY
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney
District of Columbia

ELIZABETH J. SHAPIRO
Deputy Branch Director,
Federal Programs Branch

 _/s/ Eric Soskin_
ERIC J. SOSKIN  (PA Bar No. 200663)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 353-0533
Fax: (202) 305-8517
Email: eric.soskin@usdoj.gov

Attorneys for Defendant