Dr. Orly Taitz, ESQ

In her capacity as the President of

Defend Our Freedoms Foundation

29839 Santa Margarita Parkway, STE 100

Rancho Santa Margarita CA 92688

Tel: (949) 683-5411; Fax (949) 766-7603

E-Mail: dr_taitz@yahoo.com, orly.taitz@gmail.com


## UNITED STATES DISTRICT COURT

## FOR THE  DISTRICT OF COLUMBIA


| | |
|---|---|
| Dr. ORLY TAITZ, ESQ, PRO SE | § 13-cv-1020 *RCL* |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| Patrick Donahoe, Postmaster General, | § |
| David C. Williams, Inspector General | § |
| for the United States Postal Service | § |
| Respondent | § |

RECEIVED
Mail Room

JAN − 3 2014

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Taitz v Donahoe et al Opposition to MSJ and Motion for MSJ for  Plaintiff 1

## OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SUMMARY JUDGMENT IN FAVOR OF  THE PLAINTIFF

### PRELIMINARY STATEMENT

This response is filed  with Judge Lamberth under protest, as the plaintiff filed a motion requesting Judge Lamberth to recuse himself from presiding over this case, as Judge Lamberth previously covered up all evidence of fraud and forgery in Barack Obama's IDs in related cases.

Plaintiff reiterates her request for Judge Lamberth to recuse himself and allow another judge rule in this case.

### STATEMENT OF FACTS AND ARGUMENT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE DEFENSE COMBINED WITH A COUNTER MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF
### SUMMARY OF THE MOTION

1. Plaintiff did not receive a response to her FOIA request for information until she filed her legal appeal with this court. Even though the response was dated prior to filing of the appeal with this court, it was received after filing of the complaint.

2. Defendant did not respond to the complaint within required 60 days, even though Defense admitted that the U.S. Attorneys' office was served with the complaint and summons by certified mail and the certified mail receipt was

signed by the same clerk, Eddy Hase, who signed similar complaint for the U.S. Attorneys' office.

3.  Plaintiff filed a motion for default judgment/ summary judgment due to lack of responsive pleadings for four months.

4. Defense by and through its attorney, U.S. Attorneys', office disclosed an extrajudicial contact between the court of Judge Lamberth and defense attorney, whereby the court instead of ruling on the motion, conducted an unilateral contact with the Defense and wanted them to respond.

5. Defense asked for a leave of court to file late response.

6. Plaintiff opposed and requested an administrative hearing with the clerk of the US Attorneys' office Eddy Hase, seeking a testimony from him, what happened to the pleadings and whether any official/officials in the Department of Justice made him "disappear" the pleadings: either destroy the pleadings or hide them.

7. Judge Lamberth completely ignored this issue and de facto covered up destruction/disappearance of complaint and summons in the Department of Justice and allowed the Defense to file late pleadings.

8. Defense filed motion for summary judgment for the Defense, where Defense improperly has hidden a response from the Fraud Department to the Inspector General for the USPS.

Taitz v Donahoe et al Opposition to MSJ and Motion for MSJ for  Plaintiff 3

9. Plaintiff is hereby opposes this motion for summary judgment for the Defense and seeks a   motion for Summary Judgment for the Plaintiff and seeks from this court a ruling/order directing Defense to provide her with following records that were improperly withheld from her:

a. response from the Fraud Department to Inspector General, which Gladis Griffith, FOIA Appeals officer received and to which she avers to in her response, where she states she was informed that allegations presented by Taitz (fabrication of a bogus 1980 USPS meter stamp ) do not constitute fraud and for that reason complaint will not be investigated. Griffith does not claim that this response falls into any of 9 exceptions to FOIA disclosure.

b. Taitz is seeking the name of the employee of U.S.P.S. who signed the letter by Gladis Griffith by placing an unintelligible signature and handwritten  "For" before typed name "Gladis C. Griffith"

c. sworn affidavit from FOIA officer Gladis C. Griffith, attesting whether she authorized John Doe/Jane Doe, an unknown employee of USPS to sign a letter to Taitz "for Gladis C. Griffith", the name of that employee, whether she was even aware of this letter sent to the court on her behalf from that employee, and whether page two of a different letter was replaced and sent to the court, as the font on page two and page one look different.  (Exhibit 2 )

d. the name and position of USPS employee, who provided FOIA officer Gladis Griffith (or person who wrote the response "For Gladis C. Griffith"), where this USPS employee informed Gladis C. Griffith that fabricating bogus USPS meter stamps does not represent fraud.

### DETAILED STATEMENT OF FACTS AND ARGUMENT

Plaintiff incorporates by reference all prior paragraphs as if fully pled herein.

10. After this legal action was filed Plaintiff received a response showing that a year earlier, on June 29, 2012 Inspector General of USPS received the criminal complaint filed by Taitz against Barack Obama, received an affidavit of former Chief Investigator of US Coast Guard Stephan Jeffrey Coffman and a video tape with testimony of Sheriff Arpaio and investigator Zullo, which showed that Barack Obama is using a fabricated Selective Service registration with a fabricated 1980 USPS meter stamp complaint and forwarded it to the Mail Fraud Division. June 26 letter from analyst Paulson included 06.29.2012 referral to the Mail fraud division.

11. Inspector General demanded response and action within 30 days, which would be by July 29, 2012.

12. Response by Barbara Jackson  states that a related Hotline case was referred to Mail Fraud 3/5/2012 which shows that there were indeed two complaints,

as plaintiff stated and both were submitted to mail fraud division of the USPS.

13. Upon receipt of the response Taitz filed an appeal and demanded a copy of an answer from the Mail fraud division, which was due with the Inspector General by July 29, 2012.

14. **Response from FOIA officer Gladis Griffith represents a cover up of information, shows lack of diligent search and shows contradiction between statements made within the same later.**

15. Ms. Griffith stated: "As of the date of our last letter to you, the office of Inspector General had not received a reply to our referral to the inspection Service. I have since been informed the inspection service does not regard allegations such as yours to be mail fraud, and consequently such allegations are not something they would investigate". So, first of all it is unreasonable to believe that in the period of a year the Fraud division did not respond to a 30 days request for information and action coming from the Inspector General. This is particularly the case, as the complaint contained a sworn declaration by a Chief Investigator of Special Investigations unit of the US Coast Guard, who stated that the aforementioned cancellation USPS stamp (meter stamp) was a forgery and it included a videotaped press conference by a duly elected sheriff, who confirmed the charge of forgery and

Taitz v Donahoe et al Opposition to MSJ and Motion for MSJ for  Plaintiff 6

fabrication, and this fabricated cancellation USPS stamp was attached   to a fabricated back dated Selective Service registration, which Barack Obama claims, was submitted by him in 1980, but according to Chief Investigator Coffman and Sheriff Arpaio this   stamp represented a 2008 cancellation USPS stamp, where year "2008" was cut in half   and "08" was placed backwards to make it look that this backdated registration, which was created in 2008, was actually created in 1980. Forgery was flagrant, as all USPS stamps contain four digit year and this is the only stamp with   a two digit year.

Further, Ms. Griffith did not provide any information how did she conduct this search. Plaintiff provides herein an opinion from USDC for the District of Maryland, where US District Court judge Ellen Hollander denied a motion for summary judgment in a related case, where Federal government officials claimed not to be able to find SS-5 for CT Social Security number xxx-xx-4425 of Harry Bounel, which was found earlier, and which was stolen by Barack Obama and used to cover up Obama's foreign citizenship and lack of valid IDs. Judge Hollander cited that the defendant (Acting Commissioner of Social Security Carolyn Colvin and FOIA Officer Dawn Wiggins) did not conduct sufficient search: "**In regard to the adequacy of the search, plaintiff's arguments that the SSA has failed to meet  its obligations under the FOIA may have**

**merit.**   When   the   adequacy   of   a   search   is   challenged,   an   agency   may demonstrate  the  adequacy  of  its  search  by  submitting  an  affidavit  that  is "reasonably  detailed,  setting  forth  the  search  terms  and  the  type  of  search performed,  and  averring  that  all  files  likely  to  contain  responsive  materials  (if such  records  exist)  were  searched  so  as  to  give  the  requesting  party  an opportunity  to  challenge  the  adequacy  of  the  search."   *Ethyl  Corp.  v.  U.S. E.P.A.,*  25  F.3d  1241,  1246-47  (4th  Cir.  1994)  (internal  quotation  marks  and citations  omitted).    Here,  defendant  has  offered  the  Declaration  of  Dawn  S. Wiggins,  who  avers,  ECF  12-2  ¶  6:  "SSA  conducted  a  search  of  the Numident  for  a  record  that  matched  the  information  provided  by  Plaintiff  but could  not  locate  a  record  for  Mr.  Bounel."   Wiggins  did  not  explain  the  manner in   which   the   search   was   conducted,   whether   multiple   searches   were conducted  using  different  combinations  of  the  information  provided  by  plaintiff (to  ensure  that  a  minor  discrepancy  in  the  information  submitted  by  plaintiff  did not  sabotage  the  search),  or  any  other  details  related  to  the  thoroughness  of  her search."  *Taitz  v  Colvin*,  13-1878  USDC  District  of  Maryland.

16. Further,  FOIA  appeal  officer  Gladis  Griffith  stated  "**I  have  since  been informed  the  inspection  Service  does  not  regard  allegations  such  as yours  to  be  mail  fraud**",  so  Griffith  tacitly  admits  that  she  indeed  received a  response  and  this  response  should  have  been  provided  to  Taitz  under

FOIA. Griffith admitted that she received a response which claimed that fabricating a bogus USPS meter stamp does not constitute fraud. Taitz, as the President of Defend our Freedoms Foundation, and every U.S. citizen have a right to see this response, see this letter that came from Fraud department and see the name of this corrupt official, who claimed that fabricating bogus meter stamps is not fraud. **Therefore Griffith indeed engaged in the cover up and improper withholding of the response letter from the Fraud department. Such disclosure of the response from the Fraud department of USPS is in the public interest and Griffith does not even claim that this particular response from USPS falls within the 9 accepted exclusions from release of documents.**

The cover up of this response from the Fraud department undermines the trust by the public in the rule of law. Griffith claims that fabrication of the USPS cancellation stamp does not represent fraud. However this statement is contradicted by 18 USC §501

18 U.S.C. §501 states:

"Whoever forges or counterfeits any postage stamp, postage meter stamp, or any stamp printed upon any stamped envelope, or postal card, or any die, plate, or engraving thereof; or

Whoever makes or prints, or knowingly uses or sells, or possesses with intent to use or sell, any such forged or counterfeited postage stamp, postage meter stamp, stamped envelope, postal card, die, plate, or engraving; or

Whoever makes, or knowingly uses or sells, or possesses with intent to use or sell, any paper bearing the watermark of any stamped envelope, or postal card, or any fraudulent imitation thereof; or

Whoever makes or prints, or authorizes to be made or printed, any postage stamp, postage meter stamp, stamped envelope, or postal card, of the kind authorized and provided by the Post Office Department or by the Postal Service, without the special authority and direction of the Department or Postal Service; or

Whoever after such postage stamp, postage meter stamp, stamped envelope, or postal card has been printed, with intent to defraud, delivers the same to any person not authorized by an instrument in writing, duly executed under the hand of the Postmaster General and the seal of the Post Office Department or the Postal Service, to receive it-

Shall be fined under this title or imprisoned not more than five years, or both."

**Not only this is fraud, this is a felony punishable by five years in prison.** Further, this is related to a number of other counts of fraud, such as Selective service fraud and Elections fraud, as one who did not sign up for the Selective

service, cannot be employed in the executive branch of the U.S. government and the U.S. President is the Chief executive of the executive branch:

5 USC 3328 " **(a)** An individual—

**(1)** who was born after December 31, 1959, and is or was required to register under section 3 of the Military Selective Service Act (50 App. U.S.C. 453); and

**(2)** who is not so registered or knowingly and willfully did not so register before the requirement terminated or became inapplicable to the individual,

shall be ineligible for appointment to a position in an Executive agency.

**(b)** The Office of Personnel Management, in consultation with the Director of the Selective Service System, shall prescribe regulations to carry out this section. Such regulations shall include provisions prescribing procedures for the adjudication of determinations of whether a failure to register was knowing and willful. Such procedures shall require that such a determination may not be made if the individual concerned shows by a preponderance of the evidence that the failure to register was neither knowing nor willful. Such procedures may provide that determinations of eligibility under the requirements of this section shall be adjudicated by the Executive agency making the appointment for which the eligibility is determined."

Further, assertion by the office of the Inspector General that fabrication of a cancellation US postal stamp (meter stamp) gives the public any impression that any crime can be committed and it will be simply covered up by corrupt officials who are paid by the public to investigate, expose and prosecute such crimes. Inspector General of USPS is allegedly stating by and through FOIA officer Griffith(or a person who signed her letter for her) that one can fabricate those meter stamps and mail thousands of items and rob the USPS and the US taxpayers of millions of dollars scot free, without any repercussion or prosecution. This makes pubic believe that this country is run by a mob, by an organized crime.

Further, USPS meter stamps are used as evidence in courts of law. They provide dates when documents were mailed and are used to resolve conflicts. If USPS claims that fabricating those meter stamps  is not fraud, then it would be impossible for judges and juries to resolve multiple conflicts.

In the case at hand it makes a huge difference, whether Barack Obama signed up for Selective Service in 1980, as he was supposed to or whether he used a fabricated meter stamp, created in 2008 and affixed it to his bogus registration in order to defraud the United States of America and each and every U.S. citizen.

As Defense concedes, FOIA is there  for "the right of the public to know what their government is up to" Dep't of Air Force v Rose 425 U.S. 352, 361 (1976) There is a tremendous public interest and right to know and  as such this court

should order the Inspector General and Postmaster General to release the correspondence that FOIA officer Gladis Griffith avers to in her August 2, 2013 letter (Appeal 2013-IGAP-00026, FOIA case No 2013-IGFP-00406) which was received by her, which stated that fabrication of postal meter stamp is not fraud, the public has a right to know the name of the employee who made this determination.

**REQUEST UNDER 18 USC 3332 (A) FOR THIS HONORABLE COURT TO PRESENT EVIDENCE PROVIDED IN THIS CASE TO THE FEDERAL GRAND JURY OR GRANT THE PLAINTIFF AN EX RELATOR STATUS TO STEP IN THE SHOES OF THE ASSISTANT U.S. ATTORNEY AND PRESENT EVIDENCE OF OFFENSES AGAINST THE CRIMINAL LAWS OF THE UNITED STATES ALLEGED TO HAVE BEEN COMMITTED WITHIN THE DISTRICT OF COLUMBIA**

**Plaintiff incorporates all prior paragraphs as if fully pled herein.**

**18 USC 3332 (a)** states

It shall be the duty of each such grand jury impaneled within any judicial district to inquire into **offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of the grand jury by the COURT or by any attorney appearing on behalf of the United States for the presentation of**

**evidence.** Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and §such attorney's action or recommendation." 18 USC 3332(a).

Offenses are committed against following criminal laws of the United States:

1. 18 USC §501 Plaintiff requests this court to present to the Federal grand Jury for the District of Columbia evidence of fabrication of a bogus 1980 USPS meter stamp, as well a conspiracy and a De Facto RICO to violate 18 USC §501, by Barack Obama, John Doe and Jane Doe employees of the Selective Service and John Doe and Jane Doe employees of U.S.P.S. Plaintiff is requesting this court to present this evidence under 18 U.S.C. 3332 (a) and direct the Federal Grand Jury to inquire into actions of William Chatfield, former Director of selective Service, Lawrence Romo, current Director of Selective Service, Patrick Donahoe, Postmaster General, David Williams, inspector of U.S.P.S., FOIA officers Gladis Griffith and Paulette E. Paulson, director of Fraud Division of U.S.P.S. and other John Does and Jane Does connected to this scheme.

2.    18 USC Chapter 47 Fraud and False statements

§1001 Statements generally and 18 USC §1002 possession of false papers to defraud United States, as well as conspiracy to commit fraud in using a fabricated U.S.P.S. meter stamp attached to fabricated Selective Service certificate  in order to defraud the United

States and American citizens into leading them to believe that Barack Obama registered for Selective service in 1980.

   3. 18 USC §4 Misprision of Felony –Misprision of Fraud

   18 USC §4 Misprision  of Felony– misprision of forgery

   Aforementioned employees of USPS, Inspector general of U.S.P.S. had a duty to report aforementioned forgery to a judge and not commit misprision of multiple felonies of fraud and forgery. They did not do so and violated 18 U.S.C §4.

   4. 18 USC §1028 Fraud and related activity in connection with identification

   5. 18 USC §1341 Fraud

   6. 18 USC 1962 RICO (Racketeering influenced corrupt organization) with predicate acts:

   a. fraud

   b. conspiracy to commit fraud

   c. forgery

   d. conspiracy to commit forgery

   e. U.S.P.S. fraud

   f. selective service fraud


   Aforementioned evidence and evidence submitted in related cases, such as *Taitz v Astrue* 11–cv–402 was received by the U.S. attorney for the District of Columbia, as well as Attorney General of the United States, who did not take any action to prosecute aforementioned offenses against the Criminal Laws of the United States. Attorney General for the United States is a friend of Mr. Obama. Attorney General of the United States, as well as U.S.

Attorneys are appointees of Mr. Obama and are not likely to take any action in the future. If this court refuses to present this evidence to the Federal Grand Jury pursuant to 18 USC §3332, Plaintiff is requesting this court to grant her ex-relator status to step in the shoes of the U.S. Attorney for the limited purpose of presenting aforementioned evidence to the Federal Grand Jury. Such granting of Ex-Relator status is warranted due to failure of the U.S. Attorney to act and due to tremendous public interest and public concern.

Respectfully submitted ,


Dr. Orly Taitz, ESQ

cc Oversight Committee US house of Representatives

cc Judiciary Committee U.S. House of Representatives

cc Public Integrity Unit Department of Justice

cc Inspector General Department of Justice

cc InterAmerican Commission for Human rights

cc International Criminal Bar Panel

cc U.N. Commission for Human Rights

# UNITED STATES DISTRICT COURT

# FOR THE  DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dr. ORLY TAITZ, ESQ, PRO SE** | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **Patrick Donahoe, Postmaster General,** | § |
| **David C. Williams, Inspector General** | § |
| **for the United States Postal Service** | § |
| **Respondent** | § |

## STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

1. On May 30, 2013 Plaintiff submitted FOIA request for information and records in relation to her criminal complaint submitted to USPS, which contained the sworn affidavit of Chief Investigator of special investigations unit of coast Guard and Sheriff Arpaio stating that Barack Obama's alleged Selective Service Certification is a forgery and it contains a forged (fabricated) 1980 U.S.P.S. meter stamp, which according to chief Investigator Coffman and sheriff Arpaio was created in 2008 by cutting in half the year part of 2008 stamp and placing "08" backwards, therefore creating a

stamp with a two digit year "80", even though all stamps from 1980 had a four digit year.

2. Defendant admitted that the complaint was forwarded by the Inspector General to the fraud division on 06.29.2012.

3. Defendant did not provide plaintiff with an answer from the Fraud division to the Inspector General.

4. With the response by  FOIA officer Paulson, she attached a response from FOIA appeal officer  Gladis Griffith who stated that she was informed that inspection department does not regard allegations such as provided by Taitz (fabrication of a bogus 1980 USPS meter stamp to defraud the United States of America ) to be fraud and they would not investigate. Griffith and Paulson did not provide Taitz with this response and did not claim that this response  is exempt from FOIA release. As such Paulson and Griffith, as well as defendants improperly withheld this response from FOIA disclosure and did not even claim that this response in any way falls under nine known exclusions.

Respectfully submitted,

Dr. Orly Taitz, ESQ
12.31.2013.

Proposed order

| | |
|---|---|
| **Dr. ORLY TAITZ, ESQ, PRO SE** | **§ 13-cv-1020** |
| **Plaintiff,** | **§** |
| | **§** |
| **v.** | **§** |
| | **§** |
| **Patrick Donahoe, Postmaster General,** | **§** |
| **David C. Williams, Inspector General** | **§** |
| **for the United States Postal Service** | **§** |
| **Respondent** | **§** |

At issue in this case is a criminal complaint and subsequent FOIA request for records filed by plaintiff Taitz in relation to an allegedly fabricated meter stamp (cancellation postal stamp) affixed to allegedly fabricated Selective Service Registration for Barack Obama, Plaintiff provided the USPS and Inspector General of USPS with a

sworn affidavit from a Chief Investigator of Special Investigations unit of US Coast Guard attesting to the fact that aforementioned Selective service registration and aforementioned meter stamp on it represent forgeries. She also provided the defendants with a video tape of a press conference, where Maricopa County Sheriff, Joseph Arpaio, not only asserted that aforementioned documents are forgeries, but also provided a video presentation showing step by step how the forger fabricated a bogus meter stamp affixed to Barack Obama's bogus Selective Service registration. Defendants admitted that Taitz complaint was forwarded to the Fraud department and on 06.29.2012 Office of Inspector General demanded investigation and an answer within 30 days, which should have been a year and a half ago. While FOIA officer Gladys Griffith claimed that they did not have an answer by the time they originally respo0nded to Taitz, she stated that she received an answer sometime later, where she was informed that allegations presented by Taitz (fabrication of a bogus 1980 USPS meter stamp) did not represent fraud. Taitz is demanding release of this response and the name of the U.S.PS. employee who submitted this response under FOIA 5 U.S.C. §552.

   Defendants are hereby ordered to release to the plaintiff a response  and any and all correspondence provided by the Fraud Department of the USPS to the Inspector General of the USPS, to which FOIA officer Gladis C Griffith avers to in her August 2, 2013 letter (Appeal 2013–IGAP–00026, FOIA case No 2013–IGFP–00406), where she states that she was informed that allegations, such as ones brought by Taitz do not represent fraud of U.S.P.S. Further, Defense is ordered to provide Plaintiff with the following:

a. response from the Fraud Department to Inspector General, which Gladis Griffith, FOIA Appeals officer received and to which she avers to in her response, where she states she was informed that allegations presented by Taitz (fabrication of a bogus 1980 USPS meter stamp ) do not constitute fraud and for that reason complaint will not be investigated. Griffith does not claim that this response falls into any of 9 exceptions to FOIA disclosure.

b. the name of the employee of U.S.P.S. who signed the letter by Gladis Griffith by placing an unintelligible signature and handwritten  "For" before typed name "Gladis C. Griffith"

c. sworn affidavit from FOIA officer Gladis C. Griffith, attesting whether she authorized John Doe/Jane Doe, an unknown employee of USPS to sign a letter to Taitz "for Gladis C. Griffith", the name of that employee, whether she was even aware of this letter sent to the court on her behalf from that employee, and whether page two of a different letter was replaced and sent to the court, as the font on page two and page one look different.  (Exhibit 2 )

d. the name and position of USPS employee, who provided FOIA officer Gladis Griffith (or person who wrote the response "For Gladis C. Griffith"), where this USPS employee informed Gladis C. Griffith that fabricating bogus USPS meter stamps does not represent fraud.

Further, under 18 USC§ 3332(a) this court directs the clerks of the court to forward to Federal Grand Jury convened in the US District of Columbia all pleadings and evidence presented in this case to inquire into offenses against Criminal laws of the United States of America committed in this district.


_____

Signed


_____

Dated

# EXHIBIT 1

 

Untied States Postal Service
Office of Inspector General
1735 North Lynn Street
Arlington, VA 22209

## HOTLINE INFORMATION REPORT

**DATE:** 6/29/2012       **SUBJECT:** Referral to Mail Fraud

**PREPARED BY:** Analyst 8       **LOCATION:** Rancho Santa Margarita, CA 92688

**APPROVED BY:**       **REFERRAL:** USPIS – Mail Fraud Division

**CASE NUMBER:** 120629HER040       **RELATED CASES:** 120305HER047

The Office of Inspector General Hotline received the attached correspondence.

We have reviewed the information provided and have determined that your office can best address the issues raised. Therefore, we are forwarding the correspondence for whatever action you deem appropriate. Please advise us of the action taken and results within 30 days. Please send responses to (b)(7)(C)

If we can be of further assistance, please contact (b)(7)(C)

Hotline records are protected under the Privacy Act 5 U.S.C. § 552a. All USPS employees handling protected information have a legal and ethical obligation to hold that information in confidence and to actively protect it from improper uses. Except as specifically authorized, USPS employees shall not disclose, directly or indirectly the contents of any record about another individual to any person or organization. USPS employees who willfully release protected information, without authority, may be guilty of a misdemeanor and fined up to $5,000. In addition, any employee violating the Privacy Act or USPS regulations is subject to disciplinary action, which may result in dismissal.

Barbara Jackson
Hotline Program Manager
1735 N. Lynn Street
Arlington, VA  22209
(b)(7)(C)

Please note that the Related Hotline Case mentioned above, was referred to Mail Fraud on 3/5/2012.

Enclosures



**United States Postal Service**
**Office of Inspector General**
**1735 N. Lynn Street**
**Arlington, VA 22209**

# HOTLINE INFORMATION REPORT

**DATE**: 6/29/2012

**SUBJECT**: Note for File

**PREPARED BY**: Analyst 8

**LOCATION**: Rancho Santa Margarita, CA 92688

**APPROVED BY**:

**REFERRAL**: USPIS – Mail Fraud Division

**PARIS NUMBER**: 120629HER040

**RELATED CASES**: NONE

**COMPLAINT**:

Hotline received a complaint from Ms. Orly Taitz on Tuesday, June 26, 2012. The complaint contained both a letter and a DVD. Due to copyright limitations, Hotline (with the help of CIO) was unable to upload the DVD to the Hotline database (PARIS). Our only option was to burn a copy of the original DVD and mail the copy along with the letter to USPIS – Mail Fraud.

**RECOMMENDATION**: This case should be referred to USPIS – Mail Fraud Division for action.

Exhibit 2



OFFICE OF THE INSPECTOR GENERAL
UNITED STATES POSTAL SERVICE

August 2, 2013

Dr. Orly Taitz, Esq.
29839 Santa Margarita Parkway, Suite 100
Rancho Santa Margarita, California  92688-3616

RE: FOIA Appeal No. 2013-IGAP-00026
    FOIA Case No. 2013-IGFP-00406

Dear Dr. Taitz:

This responds to your July 4, 2013, e-mail appealing the response of the Office of
Inspector General (OIG) Freedom of Information Act (FOIA) analyst regarding your
FOIA request for records pertaining to your allegation that postal regulations were
violated to provide proof of the legitimacy of the presidency of Barack Obama.  I
affirm the FOIA analyst's response to your initial request.

By letter of the June 26, 2013, the OIG FOIA analyst informed you that our search of
the Office of Investigations and Hotline databases located two pages responsive to
your request, which were provided to you with excisions made pursuant to FOIA
Exemption (7)(C), which permits the withholding of records or information compiled
for law enforcement purposes, the release of which could constitute an unwarranted
invasion of the personal privacy of third parties.  5 U.S.C. 552(b)(7)(C).

I affirm the use of Exemption 7(C) to withhold certain information compiled for law
enforcement purposes, but which requires agencies to consider certain factors when
considering release.  One such factor is the privacy interest of the person involved.
5 U.S.C. § 552(b)(7)(C).  Baez v. FBI, 443 F. Supp. 2d 717, 724 (E.D.Pa. 2006).
FOIA's core purpose is to assist the public in learning how the agency performs its
responsibilities.  If the privacy interest in withholding the information outweighs the
public interest in disclosing it, the information is protected.  Lacking a third party
individual's consent or an overriding public interest, releasing information pertaining
to third party individuals could reasonably be expected to constitute an unwarranted
invasion of personal privacy.  O'Keefe v. DOD, 463 F.Supp. 2d 317, 326 (D.D.C,
2006) (FOIA requires balancing the individual's privacy interest against the public's
interest in disclosure of information compiled by the government); Ripskis v. HUD,
746 F. 2d 1, 4 (D.C. Cir.1984)(court holding agency properly withheld material
considering substantial privacy interest at stake and the uncertainty of the public
interest in disclosure).

Exhibit 4

2

In your appeal letter, you request additional information stemming from the Inspection Service's handling of the Office of Inspector General's referral to the Inspection Service of your initial complaint. As of the date of our last letter to you, the Office of Inspector General had not received a reply to our referral to the Inspection Service. I have since been informed the Inspection Service does not regard allegations such as yours to be mail fraud, and consequently such allegations are not something they would investigate. You may want to make a FOIA request to the Inspection Service to obtain records pertaining to how such allegations are handled. The Inspection Service can be reached at:

U.S. Postal Inspection Service
475 L'Enfant Plaza, S.W.
Washington, D.C. 20260
202-268-7004
FOIA@uspis.gov

Inasmuch as my decision does not constitute a grant of access to requested information, FOIA requires that I inform you of your right to judicial review. Such review is available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, the district in which the records are located, or in the District of Columbia.

As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows:

Office of Government Information Services (OGIS)
National Archives and Records Administration
Room 2510
8601 Adelphi Road
College Park, Maryland 20740-6001
E-mail: ogis@nara.gov
Fax: 301-837-0348
Toll-free: 1-877-684-6448

Sincerely,

For Gladis C. Griffith
Freedom of Information Act Appeals Officer

cc: FOIA Analyst

# UNITED STATES DISTRICT COURT

# FOR THE  DISTRICT OF COLUMBIA

| | |
|---|---|
| Dr. ORLY TAITZ, ESQ, PRO SE | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| Patrick Donahoe, Postmaster General, | § |
| David C. Williams, Inspector General | § |
| for the United States Postal Service | § |
| Respondent | § |

I, Lila Dubert, served the defense with the attached opposition to motion for Summary Judgment and a Motion for Summary Judgment for the Plaintiff  by first class mail on 12.31.2013 at

US Attorneys' office

555 4th Street, NW, Washington, DC 20530

Signed Lila Dubert