**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

_____  _____
Dr. ORLY TAITZ, Esq.                                          )
                                                                          )
     Plaintiff,                                               )
                                                                          )
          v.                                          )          Civil No. 13-1020  (RCL)
                                                                          )
PATRICK DONAHOE,                                       )
Postmaster General, *et al.*,                              )
                                                                          )
     Defendants.                                          )
_____)

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**BACKGROUND**

Plaintiff Orly Taitz ("Taitz") filed this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking records from the Postmaster General and the Office of the Inspector General ("OIG") of the United States Postal Service ("USPS").  Plaintiff submitted a FOIA request to OIG seeking documents related to the handling of an earlier document (characterized by Taitz as a "criminal complaint") submitted by Plaintiff to both Defendants.  On December 12, 2013, Defendants moved for summary judgment.  On January 3, 2014, Plaintiff opposed Defendants' motion and cross-moved for summary judgment.  As explained below, Defendants' motion should be granted, and Plaintiff's motion denied.

## ARGUMENT

**A.      Plaintiff Has Conceded the Adequacy of the Search and the Propriety of the Redactions Taken Pursuant to Exemption 7(C).**

At the outset, Defendants should be granted summary judgment on all issues except for those expressly contested by Plaintiff in her opposition brief.  *See Franklin v. Potter*, 600 F. Supp. 2d 38, 60 (D.D.C. 2009) (treating defendant's argument in summary judgment motion as conceded where plaintiff failed to address it in plaintiff's response); *Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."); *Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

In their opening brief, Defendants moved for summary judgment on the adequacy of their search for responsive documents as well as on the three withholdings taken pursuant to Exemption 7(C).  *See* Defendants' Motion for Summary Judgment, ECF No. 16, at 5-8 ("USPS MSJ").   Plaintiff's opposition brief does not contest any aspect of the search, taking issue only with aspects of the response to Plaintiff's appeal.  *See* Plaintiff's Opposition ("Pl. Opp."), ECF No. 18 at ¶ 14 *et seq.*  Nor does Plaintiff contest any withholding pursuant to Exemption 7(C) or any legal argument made in support of the withholdings.  *See generally* Pl. Opp.  Plaintiff has thus conceded any arguments as to the adequacy of Defendants' search and to the redactions taken in the documents released.[1]

---

[1] The arguments Plaintiff *has* made, by contrast, describe ancillary matters, none of which have any bearing on the parties' arguments concerning summary judgment, and which rehash other matters already decided by, or presently before, the Court.  For example, Plaintiff's contention that she is entitled to summary judgment based on the Defendants' alleged lack of timely response, *see* Pl. Opp. at ¶¶ 2-3, has already been adjudicated by the Court.  *See* ECF No. 14. For this reason, Plaintiff's argument would be relevant to a motion for reconsideration of the Court's order pursuant to Fed. R. Civ. P. 54(b), but not in response to Defendants' motion for

As a result, and for the reasons set forth in their opening brief, Defendants are entitled to summary judgment as there are no remaining issues set out in their motion.

.

**B.      Plaintiff's FOIA Request Does Not Entitle Her to Documents Generated During Adjudication of the Appeal of Her FOIA Request.**

Plaintiff appealed the response to her FOIA request on July 5, 2013.  *See* Declaration of Paulette E. Poulsen, Exhibit A to USPS MSJ ("Poulsen Decl."), at Exhibit 3.[2]  On August 2, 2013, her appeal was denied by Ms. Gladis C. Griffith, the Deputy General Counsel for OIG, and the assigned FOIA Appeals Officer.  See Poulsen Decl. at Ex. 4.  Plaintiff's motion for summary judgment complains that Defendants did not provide in their FOIA response information referenced in the denial of her appeal that was obtained by Ms. Griffith while adjudicating her appeal.  Pl. Opp. at ¶¶ 14-16.  Assuming *arguendo* that this information exists in the form of a document or documents subject to FOIA, Plaintiff's FOIA request would not entitle her to this document.

It is well-established that Defendants' search obligations in response to Plaintiff's FOIA are time-delimited and conclude after some defined "cut-off date."  *Edmonds Inst. v. U.S. Dep't of Interior*, 383 F. Supp. 2d 105, 110-11 (D.D.C. 2005).  Otherwise, an agency would be "require[d] . . . to adjust or modify its FOIA responses based on post-response occurrences," which would potentially "create an endless cycle of . . . reprocessing" out of every FOIA request. *Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1152 (D.C. Cir. 1991).  There can be no doubt that

---

summary judgment or in support of Plaintiff's motion for summary judgment.  Plaintiff's arguments concerning alleged misconduct by Defendants and the Court pertaining to this issue, *see* Pl. Opp at ¶¶ 4-7, are likewise inapposite to summary judgment, and moreover, merely rehash similar tendentious allegations raised in Plaintiff's motion to recuse.  *Compare* ECF No. 17.

[2]  Plaintiff's appeal, with its acknowledgment of receipt of the response to Plaintiff's FOIA request, belies the contention in her opposition and cross-motion that she "did not receive a response to her FOIA request" until after filing the complaint in this case.  Pl. Opp. at ¶ 1; *compare id. with* Poulsen Decl. at Ex. 3 ("Dear Ms. Griffith, On 07.03.2013 I received your 06.29.2013 response to my FOIA request . . . .").

the date of the search is an appropriate cut-off date for responsive records – and that in some circumstances, an earlier cut-off date may be appropriate.  *See Pub. Citizen v. Dep't of State*, 276 F.3d 634, 644 (D.C. Cir. 2002); *Jefferson v. BOP*, 578 F. Supp. 2d 55, 60 (D.D.C. 2008) (proper inquiry is "whether the cut-off date used was reasonable in light of the specific request"); *Coven v. OPM*, No. 07-1831, 2009 WL 3174423, at *5-10 (D. Ariz. Sept. 29, 2009) (agencies are not obligated to continually provide daily, updated versions of records on ongoing basis, nor records created after agency responded).

Here, the decision on Plaintiff's appeal makes clear that the information referenced therein was received from the Inspection Service "since the date of [USPS's] last letter" to Plaintiff, *i.e.* the date on which USPS responded to Plaintiff's FOIA request.  *See* Poulsen Decl. at Ex. 4.  Thus, to the extent any responsive documents exist relating to this information, they postdate the cut-off date for Defendants' search responding to Plaintiff's FOIA request and Plaintiff is not entitled to them.[3]

## C.    There is No Jurisdiction Over Plaintiff's Other Claims.

Plaintiff's motion for summary judgment includes a potpourri of other demands, none of which are properly considered as part of this FOIA action.  The statutory language of FOIA makes federal jurisdiction dependent on a showing that the agency has (1) "improperly," (2) "withheld," (3) "agency records." *Kissinger v. Reporter's Committee*, 445 U.S. 136, 150 (1980); 5 U.S.C. § 552(a)(4)(B).  Plaintiff has not alleged that her requests for, *inter alia*, "the name of the employee of U.S.P.S. who signed" a letter, a "sworn affidavit" by an individual who handled her appeal, or the "name and position" of a particular USPS employee are the subjects of any FOIA request to the agency, let alone that they are contained in improperly withheld agency

---

[3]    The decision on Plaintiff's appeal also notes that Plaintiff could obtain information through FOIA directly from the Inspection Service. *See* Poulsen Decl. at Ex. 4.

records.[4] Nor does her request for a federal grand jury investigation fall within the scope of a FOIA action. *See Kennecott Utah Copper Corp. v. U.S. Dep't of the Interior*, 88 F.3d 1191, 1203 (D.C. Cir. 1996) (available relief under FOIA is limited to ordering disclosure of documents to FOIA complainant).

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant Defendants' motion for summary judgment and deny Plaintiff's cross-motion for summary judgment.

Dated: January 24, 2014     Respectfully submitted,

STUART DELERY
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney
District of Columbia

ELIZABETH J. SHAPIRO
Deputy Branch Director,
Federal Programs Branch

---

[4] Even if Plaintiff's demands were delivered to the agency as part of a purported FOIA submission, moreover, it is doubtful that they are proper FOIA requests. "To the extent that plaintiff's FOIA requests were questions or requests for explanations of policies or procedures, these are not proper FOIA requests requiring [a] response." *Thomas v. Comptroller of the Currency*, 684 F. Supp. 2d 29, 33 (D.D.C. 2010); *Jean-Pierre v. BOP*, No. 12-78, 2012 WL 3065377, at *6 (D.D.C. July 30, 2012) (requests for names, titles, or other objective pieces of information are not "cognizable under FOIA, because they ask questions calling for specific pieces of information rather than records."); *Patton v. U.S. R.R. Ret. Bd.*, No. ST-C-91-04, slip op. at 3 (W.D.N.C. Apr. 26, 1991) (FOIA "provides a means for access to existing documents and is not a way to interrogate an agency"), *aff'd*, 940 F.2d 652 (4th Cir. 1991) (unpublished table decision). Likewise, Plaintiff cannot use FOIA to demand that the agency create a sworn affidavit about a subject in which she is interested. *See Schoenman v. FBI*, 573 F. Supp. 2d 119, 140 (D.D.C. 2008) (FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created or retained"); *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985) (agency is not required "to create documents or opinions in response to an individual's request for information").

 _/s/ Eric J. Soskin_
ERIC J. SOSKIN  (PA Bar No. 200663)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 353-0533
Fax: (202) 305-8517
Email: eric.soskin@usdoj.gov

Attorneys for Defendant