| | |
|---|---|
| Dr. ORLY TAITZ, ESQ, PRO SE | § 13-cv-1020 *RCL* |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| Patrick Donahoe, Postmaster General, | § |
| David C. Williams, Inspector General | § |
| for the United States Postal Service | § |
| Respondent | § |

REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

IN FAVOR OF PLAINTIFF

STATEMENT OF FACTS

At issue in this case a criminal complaint and subsequent FOIA request for records filed by plaintiff Taitz in relation to a fabricated cancellation postal stamp affixed to a fabricated Selective Service Registration for Barack Obama. Plaintiff provided the USPS and Inspector General of USPS with a sworn affidavit from a Chief Investigator of Special Investigations unit of US Coast Guard attesting to the fact that aforementioned Selective service registration and aforementioned cancellation stamp on it represent forgeries. She also provided the defendants with



Taitz v Donahoe, Williams, Reply to Opposition to MSJ for Plaintiff 1

a video tape of a press conference, where Maricopa County Sheriff, Joseph Arpaio not only asserted that aforementioned documents are forgeries, but also provided a video presentation showing step by step how the forger fabricated a bogus 1980 cancellation USPS stamp affixed to Barack Obama's bogus Selective Service registration. Complaint was filed in Spring of 2012. In Spring of 2013 Plaintiff filed a FOIA request seeking results of investigation of her complaint. Plaintiff did not receive a response in statutory 20 business days and filed a legal action at hand. Defense revealed that in June of 2012 Inspector General of USPS requested an investigation of the matter by the Fraud Division of USPS. Inspector General demanded an answer within 30 days. This answer was not provided to Plaintiff. Plaintiff appealed with USPS and defense provided an answer to the appeal, which allegedly came from FOIA officer Gladis Griffith, however it was not signed by her, it was signed "for" her, it is unknown who signed this letter and if the person who signed it has any connection to USPS or whether the person who signed it is the same forger who created the bogus USPS stamp in the first place. Alleged letter claimed that by the time the complaint was filed, there was no response from the Fraud Department to Inspector General and that Ms. Griffith was since informed by someone that the matter of the complaint, i.e. fabrication of a bogus cancellation USPS stamp for Selective Service Registration for the President of the

US somehow does not represent fraud and it is not something they would investigate.

**DEFENSE DID NOT DENY AND THEREFORE ADMITTED THAT THERE WAS NO VALID RESPONSE AND ATTEMPTED RESPONSE WAS NOT A VALID DOCUMENT, NOT A VALID LEGAL WRITING, AS IT WAS SIGNED BY AN UNKNOWN INDIVIDUAL AND FRAUDULENTLY PRESENTED TO THE COURT AS A DOCUMENT WHICH WAS SRITTEN OR AUTHORIZED TO BE WRITTEN BY FOIA APPEALS OFFICER GLADIS C. GRIFFITH**

As stated, Plaintiff is seeking a response from the fraud division to the Inspector General in relation to a fabricated cancellation postal stamp which was affixed to a fabricated Selective Service Registration for Barack Obama.

In June of 2012 Inspector General of USPS requested a response from the Fraud Department in regards to aforementioned evidence of fraud.

Defendants provided with their opposition to Motion for Summary Judgment in favor of Plaintiff an alleged response which allegedly came from a senior FOIA officer Gladis Griffith. However, this response did not have a signature of Gladis Griffith. There was something scribbled, the name of Gladis Griffith was typed and next to it was hand written "for". So someone has signed this document for Gladis

Taitz v Donahoe, Williams, Reply to Opposition to MSJ for Plaintiff 3

Griffith, however Defense did not provide any information, as to who signed the document.

For all we know this document was signed by the same forger who created the rest of Obama's IDs and the aforementioned stamp.

Any time a lower ranked employee signs a document for a senior employee, the name of the lower ranked employee is typed next to his signature, so the public knows who signed the document. This is particularly true when a document is submitted to a court of law. This was not done here and it is unknown who signed the document.

Defense did not deny that the aforementioned document did not represent a valid document, did not represent a valid writing, that it was not signed by FOIA officer Gladis Griffith and that the person who signed it can be someone with no connection to the Defendants or to USPS.

The only thing defense provided is an assertion that there is no law specifically stating that they are supposed to provide the name of the person who signed the document and the employee on whose behalf the document was signed, has to provide an affidavit that it was signed on her behalf.

The court in United America Financial, Inc. v. John E. Potter, Postmaster General, 770 F.Supp.2d 252, noted that dissemination of information to citizens for use in making "vital political choices" is a significant consideration. (Id at 257.)

Taitz v Donahoe, Williams, Reply to Opposition to MSJ for Plaintiff 4

In fact, "FOIA "was enacted to facilitate public access to government documents. [U.S. Dep't of State v. Ray, 502 U.S. 164, 173, 112 S.CT. 541, 116 L.Ed. 2d 526 (1991). The statute provides public access to official information 'shielded unnecessarily' from public view and establishes a *'judicially enforceable public right* to secure such information from possibly unwilling official hands" (emphasis added, Lahr v. National Transp. Safety Bd. 569 F.3d 964, 974, citing Dep't of Air Force v. Rose, 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976).) The court in Lahr further noted that the dissemination of information would "ensure an informed citizenry" and "was vital to the functioning of a democratic society and needed to check agisnt corruption and to hold the governors accountable to the governed. (Ibid., citing John Doe Agency v. John Doe Corp., 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989).)

**WHERE THERE ARE IMPROPRIETIES AND/OR QUESTIONS EXIST REGARDING THE NATURE OF THE RESPONSE, THE COURT IS EMPOWERED TO DIRECT THAT A FURTHER INQUIRY BE MADE AND THAT ADDITIONAL DOCUMENTATION/INFORMATION BE PRODUCED.**

Contrary to Defendant's assertion Plaintiff's requests do not exceed the scope of the authority of this court nor does it exceed the nature and extent of a FOIA request. Where there are improprieties and/or questions exist regarding the nature of the response, the Court is empowered to direct that a further inquiry be made and that additional documentation/information be produced. As noted in *Nation Magazine, Washington Bureau v. United States Customs Service* 71 F.3d 885, (1995), the Court can require the responding agency to conduct a further investigation and provide supplemental declaration(s) attesting to its response. In the decision by the Court of Appeals reversing a ruling on summary judgment in *Nation Magazine, Washington Bureau v. United States Customs Service* the Court of Appeals stated to the District Court:" Because Customs has not submitted detailed affidavits to allow us to review the adequacy of their search, we reverse the district court grant of summary judgment on this point. On remand the district court should address both issues that occasion our reversal here"*id*.

Motion of Summary Judgment is granted when there is no triable issue of fact. Under a FOIA agency is required to provide <u>an affidavit</u> of sufficient search. Abdelfattah v United States Dep't of Homeland Security 488 F 3d 178, 182 (3d Cir 2007). Not only Taitz is entitled to know the name of the person who signed the document, she is actually entitled to a sworn affidavit from this person. Here there are triable issues of fact:

Taitz v Donahoe, Williams, Reply to Opposition to MSJ for Plaintiff 6

1. Defense provided a response to appeal which was filed with the agency by Taitz. Defense claims that the response came from FOIA appeals officer Gladis Griffith. Taitz responded by pointing out that it was not signed by Griffith, that it was signed by someone else "for" Griffith and the name of the person who signed the document is not provided. This would be equivalent to someone drafting a decision from this court which would state that fabricating identification documents for the President of the US does not constitute fraud. A person would sign such decision "for" Honorable Judge Lamberth and upon request the court would not reveal who signed the decision for the judge. Would that be a valid court decision? Of Course, not. It would be fraud and a criminal offense. Similarly, a response to FOIA appeal signed by someone "for" FOIA officer without providing the name of the person signing for this FOIA officer, represents fraud and does not represent a valid document from such FOIA officer. Based on Nation Magazine and Abdelfattah the agency is obligated to provide the response in the form of a sworn affidavit from FOIA Officer Griffith, where she would attest to the writing or a sworn affidavit from a person who on August 2, 2013 signed the letter "for" Griffith without providing her or his name.

2. The letter from Griffith contradicts the assertion by the defense that there are no more documents available. In the letter, supposedly authorized by

Griffith, it states that it was related to her that the issue at hand does not represent fraud. (Exhibit 1 herein and ECF 16-1) So, Griffith avers to some type of a document that was provided to her that stated that fabrication of a bogus 1980 USPS stamp on a bogus Selective Service Certificate for a person occupying a position of the US President somehow does not constitute fraud. Taitz is entitled to receive this document, this letter received by Griffith.

3. Further, as stated, Inspector General demanded from the Fraud Department a 30 day response in regards to evidence of fraud in Obama's IDs. It is unreasonable to believe that the Fraud Department would not respond in a matter, such as this. It is reasonable to believe that a response was sent and is being unlawfully withheld. It would probably be the document referred to in Griffith's response. Further, it is likely that Griffith did not sign the letter herself and someone anonymous signed it "for" her in order to create plausible deniability, as cover up of fraud of such magnitude, cover up of a fabricated postal stamp on a fabricated ID for a U.S. President, can be viewed not only as a complicity to fraud and forgery, but also a complicity to treason.

Conclusion

Taitz v Donahoe, Williams, Reply to Opposition to MSJ for Plaintiff  8

Evidence shows that the defense did not provide Plaintiff with all the information requested in FOIA request and Plaintiff is entitled to a summary judgment on following issues:

1. Defense should be ordered to release to the plaintiff a response and any and all correspondence provided by the Fraud Department of the USPS to the Inspector General of the USPS, and specifically, but not limited to a response to which FOIA officer Gladis C Griffith avers to in her August 2, 2013 letter (Appeal 2013-IGAP-00026, FOIA case No 2013-IGFP-00406)

2. Defense is entitled to a sworn affidavit signed by the individual, who signed August 2, 2013 letter (Appeal 2013-IGAP-00026, FOIA case No 2013-IGFP-00406) "for" Gladis Griffith.


Respectfully,

/s/ Dr. Orly Taitz, ESQ

01.30.2014

Taitz v Donahoe, Williams, Reply to Opposition to MSJ for Plaintiff 9

Cc UN Nations committee for civil rights defenders
OHCHR in New York
UN Headquarters
New York, NY 10017
USA


Inter-American Commission for Human rights
1889 F St., NW,
Washington, D.C., USA 20006


Darrel Issa
Chairman of the House oversight committee
2157 RAYBURN HOUSE OFFICE BUILDING,
WASHINGTON, DC 20515


**Congressman Bob Goodlatt ,**
**Chairman of the Judiciary Committee**
House of Representative
2409 2157 RAYBURN HOUSE OFFICE BUILDING,
WASHINGTON, DC 20515


Public Integrity Unit Department of Justice
U.S. Department of Justice
Criminal Division
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001



Michael E. Horowitz
Inspector General
Department of Justice
Office of the Inspector General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Room 4706
Washington, D.C. 20530

Certificate of Service

I, Lila Dubert, am over 18 years old, I attest that on 01.30.2014 I served the defense at address below by first class mail with attached Reply to Opposition to Motion for Summary Judgment for Plaintiff .

**Eric J. Soskin**

U.S. DEPARTMENT OF JUSTICE

20 Massachusetts Avenue, NW

Room 5134

Washington, DC 20530

# EXHIBIT 1



OFFICE OF THE INSPECTOR GENERAL
UNITED STATES POSTAL SERVICE

August 2, 2013

Dr. Orly Taitz, Esq
29839 Santa Margarita Parkway, Suite 100
Rancho Santa Margarita, California 92688-3616

RE: FOIA Appeal No. 2013-IGAP-00026
    FOIA Case No. 2013-IGFP-00406

Dear Dr. Taitz:

This responds to your July 4, 2013, e-mail appealing the response of the Office of Inspector General (OIG) Freedom of Information Act (FOIA) analyst regarding your FOIA request for records pertaining to your allegation that postal regulations were violated to provide proof of the legitimacy of the presidency of Barack Obama. I affirm the FOIA analyst's response to your initial request.

By letter of the June 26, 2013, the OIG FOIA analyst informed you that our search of the Office of Investigations and Hotline databases located two pages responsive to your request, which were provided to you with excisions made pursuant to FOIA Exemption (7)(C), which permits the withholding of records or information compiled for law enforcement purposes, the release of which could constitute an unwarranted invasion of the personal privacy of third parties. 5 U.S.C. 552(b)(7)(C).

I affirm the use of Exemption 7(C) to withhold certain information compiled for law enforcement purposes, but which requires agencies to consider certain factors when considering release. One such factor is the privacy interest of the person involved. 5 U.S.C. § 552(b)(7)(C). Baez v. FBI, 443 F. Supp. 2d 717, 724 (E.D.Pa. 2006). FOIA's core purpose is to assist the public in learning how the agency performs its responsibilities. If the privacy interest in withholding the information outweighs the public interest in disclosing it, the information is protected. Lacking a third party individual's consent or an overriding public interest, releasing information pertaining to third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. O'Keefe v. DOD, 463 F.Supp. 2d 317, 326 (D.D.C. 2006) (FOIA requires balancing the individual's privacy interest against the public's interest in disclosure of information compiled by the government); Ripskis v. HUD, 746 F. 2d 1, 4 (D.C. Cir 1984)(court holding agency properly withheld material considering substantial privacy interest at stake and the uncertainty of the public interest in disclosure).

Exhibit 4

2

In your appeal letter, you request additional information stemming from the Inspection Service's handling of the Office of Inspector General's referral to the Inspection Service of your initial complaint. As of the date of our last letter to you, the Office of Inspector General had not received a reply to our referral to the Inspection Service. I have since been informed the Inspection Service does not regard allegations such as yours to be mail fraud, and consequently such allegations are not something they would investigate. You may want to make a FOIA request to the Inspection Service to obtain records pertaining to how such allegations are handled. The Inspection Service can be reached at:

U.S. Postal Inspection Service
475 L'Enfant Plaza, S.W.
Washington, D.C. 20260
202-268-7004
FOIA@uspis.gov

Inasmuch as my decision does not constitute a grant of access to requested information, FOIA requires that I inform you of your right to judicial review. Such review is available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, the district in which the records are located, or in the District of Columbia.

As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows:

Office of Government Information Services (OGIS)
National Archives and Records Administration
Room 2510
8601 Adelphi Road
College Park, Maryland 20740-6001
E-mail: ogis@nara.gov
Fax: 301-837-0348
Toll-free: 1-877-684-6448

Sincerely,

For Gladis C. Griffith
Freedom of Information Act Appeals Officer

cc: FOIA Analyst