UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dr. ORLY TAITZ, Esq., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRICK DONAHOE, )<br>Postmaster General, *et al.*, )<br>)<br>Defendant. )<br>) | Civil Action No. 13-1020 (RCL) |

## MEMORANDUM

This is a case brought under the Freedom of Information Act, 5 U.S.C. § 552, against the Postmaster General and the Inspector General of the Postal Service for records related to the plaintiff-birther's claim that President Barack Obama was not born in the United States.

Plaintiff has moved to recuse the undersigned judge largely because I ruled against the plaintiff in a prior case (*Taitz v. Astrue*, Civil No. 11-402) and that I covered up "all evidence of Obama defrauding the nation and of the top governmental officials committing treason and being criminally complicit in the cover up." Plaintiff also complains, however, that because my chambers contacted the civil process clerk at the United States Attorney's office to ascertain whether their log showed service of the complaint herein—a common practice since time for responding to all complaints against the United States and its officials begins to run on the date of service on the United States Attorney—that an impermissible *ex parte* contact occurred. Plaintiff believes that she was entitled to a default judgment, which this court denied by Order filed November 27, 2013. Plaintiff fails to recognize that Rule 55 of the Federal Rules of Civil

1

Procedure precludes entry of such a judgment against the United States or its officials. On October 10, 2013, the United States Attorney had filed a complete explanation of why it had not appeared. In her recusal motion, plaintiff complains that this Court should have had a hearing "in order to ascertain whether someone at DOJ told this clerk to 'misplace' or destroy the complaint."

Essentially, plaintiff's recusal allegation is that "there is a pattern of this court being biased in favor of Obama and his regime against American citizens" and that this court "shows bias against dissidents and whistleblowers, who blew the whistle on Obama and his regime."

Plaintiff complains that "U.S. citizens deserve better than a thief, who is usurping the U.S. Presidency with a stolen Social Security number and fabricated IDs," making my recusal "essential and in the public interest."

It is understandable that plaintiff believes my prior rulings were wrong, but that is for the Court of Appeals to review upon her timely notice of appeal from a final appealable order. Any objective observer looking at all the facts here would not conclude that I have exhibited any bias at all. Plaintiff's motion to recuse is DENIED.

Cross-motions for summary judgment are now before the Court. Defendants' motion will be granted, and plaintiff's motion will be denied.

Upon receipt of plaintiff's request, the defendants had a statutory obligation to conduct a broad search reasonably calculated to locate any responsive records. Only two pages were deemed responsive to plaintiff's request, and both were produced with redactions under Exemption, which permits withholding of certain information compiled for law enforcement purposes. In plaintiff's opposition to defendants' summary judgment motion, plaintiff does not contest any aspect of the search for responsive documents. That issue is therefore conceded, and

defendants are entitled to judgment. Plaintiff's contention that she is entitled to summary judgment because of defendants' lack of a timely response is irrelevant, as the Court has already rejected that argument when it decided plaintiff's motion for a default judgment.

Moreover, plaintiff does not contest any withholding pursuant to Exemption 7(c), or make any legal argument regarding the propriety of that exemption. Again, then, plaintiff has conceded the redactions made by defendants. Plaintiff is not entitled, in this case, to any documents created *after* the date of her request. Defendants are not required to provide updated versions of records on an ongoing basis, nor records created after the date of her request—which is the appropriate cut-off date for responsive records. Plaintiff's repeated arguments about default issues are irrelevant to the issues on summary judgment.

FOIA requests require that the agency have (1) "improperly," (2) "withheld," (3) agency records. *Kissinger v. Reporter's Comm.*, 445 U.S. 136, 150 (1980). Plaintiff's request for "the name of the employee of U.S.P.S. who signs a letter," a "sworn affidavit" by the individual who handled her appeal, or the "name and position" of a particular employee, are not the subjects of plaintiff's FOIA request to the agency, and they have not been improperly withheld.

Moreover, plaintiff's request for a federal grand jury investigation does not fall within the scope of FOIA. *See Kennecott Utah Copper Corp. v. U.S. Dep't of Interior*, 88 F.3d 1191, 1203 (D.C. Cir. 1996) (available relief under FOIA is limited to ordering disclosure of responsive documents to plaintiff).

A separate order shall issue this date.

Date: 9/4/14          Signature: *Royce C. Lamberth*

The Honorable Royce C. Lamberth
U.S. District Court Judge